UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS J. CULPEPPER, ESQ., <br> Petitioner <br> v. <br> RICHARD BIDDLE, et al., <br> Respondents. | Case No. CV 18-8826-JFW (GJS) <br><br> **ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner is a federal pre-trial detainee incarcerated in this District. He filed a putative 28 U.S.C. § 2241 petition on October 12, 2018 ("Petition"), which was assigned to the undersigned on October 22, 2018. Although the Petition purports to be brought under Section 2241 and Petitioner paid the nominal $5 filing fee applicable to habeas petitions, he has not named as a Respondent the person having custody of him – a prerequisite to seeking federal habeas relief.[1] Rather, Petitioner names as Respondents two Los Angeles Superior Court Judges, two Los Angeles County Sheriff's Department Investigators, a Deputy District Attorney for the Los

---

[1] The correct Respondent in a habeas corpus proceeding is the person who has immediate custody over the petitioner, *i.e.,* his jailer or warden. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

1  Angeles County, and the Deputy Attorney for Los Angeles County – state and local
2  officials and employees who he refers to cumulatively as the "Personnel." In
3  addition, although Petitioner has not filed a civil complaint, much less paid the filing
4  fee required for a civil complaint or obtained leave to proceed without prepayment
5  of the filing fee, he also purports to seek relief under 42 U.S.C. § 1983. Further,
6  Petitioner seeks an adversary hearing under the local admiralty rules, even though
7  nothing alleged in the Petition possibly can be said to implicate admiralty or
8  maritime law or to raise a claim thereunder. Petitioner seeks all of the requested
9  relief on an ex parte basis, *i.e.,* without providing any person the opportunity to
10 respond and oppose the extraordinary relief requested, which includes orders staying
11 and dismissing pending state and federal criminal actions brought against Petitioner
12 alone as well as pending and closed stated criminal cases and a closed civil case
13 brought against various third parties.
14 Petitioner is an attorney and, at present, a member of the California State Bar. In
15 addition to the duties imposed by Rule 11(a) of the Federal Rules of Civil Procedure
16 upon any litigant, as an attorney, he is deemed to be an officer of the Court with
17 attendant ethical duties. For the reasons set forth below, the filing of the instant
18 Petition is not consistent with those duties.

## BACKGROUND

21 The Petition stems from, and references, numerous state and federal court
22 proceedings. Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the
23 Court has taken judicial notice of dockets for the cited cases available through state
24 court websites and the PACER system. These records show as follows:
25 In 2015 Marion "Suge" Knight and Katt Williams were charged with robbery
26 and criminal threats in Los Angeles Superior Court ("LASC") Case No. SA089020.
27 Petitioner alleges that he represented Knight in that case. Williams entered a no
28 contest plea in 2017, and the case was dismissed as to Knight on October 4, 2018.

In the interim, in 2015, in LASC Case No. TA136401, homicide charges were filed against Knight in connection with a January 2015 incident in which the truck he was driving hit two men, killing one of them. This criminal case has received substantial media coverage and generated ancillary criminal proceedings.

For example, in 2017, in LASC Case No. BA452968, two people with ties to Knight – Toilin Kelly and Mark Blankenship – were charged criminally in connection with violating a court order issued in Case No. TA136401 (*i.e.,* in connection with their sale of a video of the January 2015 incident to a celebrity news website). On October 12, 2017, Kelly entered a nolo contendere plea, although there have been subsequent probation violation and appeal-related proceedings. As of this date, Case No. BA452968 remains pending against Blankenship, with a pretrial hearing set for December 19, 2018.

As reported in the media and reflected in the case files, and as described in the Petition, Knight has been represented by various attorneys in Case No. TA136401 and, at one point and until earlier this year, was represented by Petitioner and Matthew Fletcher.[2] The Petition alleges various events that Petitioner contends reflect a conspiracy between Personnel members and others to prevent Petitioner from discovering further evidence of, and making public, alleged conflicts of interest that existed with respect to matters related to Knight and Petitioner. The Petition weaves a tale of efforts by the Personnel and others to frame both Knight and Petitioner, including through the use of an informant, improper and illegal court orders, a "false sting" operation, judicial efforts to prevent Petitioner from properly defending Knight, etc. Petitioner contends that, as a result, every order issued in Case Nos. SA089020 and TA136401 as of and since January 15, 2016 is void.

---

[2] Petitioner alleges that Fletcher never actually represented Knight but, instead, improperly "crashed" meetings between Petitioner and Knight and was working as a confidential informant for the Personnel with a goal of framing Knight and/or Petitioner.

3

1       In January 2018, Petitioner was arrested and charged with various conspiracy
2  charges related to bribery, subornation of perjury, etc., in LASC Case No.
3  BA453095.  Fletcher also was charged in this same state court criminal case.
4  Petitioner alleges that he was indicted by a grand jury on March 5, 2018, and then
5  was removed as Knight's counsel on March 12, 2018, due to the pending criminal
6  case.  Petitioner contends that Case No. BA453095 was brought for a malicious
7  purpose, namely, to destroy his attorney-client relationship with Knight and to
8  protect the "conflicted interests" of the Personnel, and that Respondents knew that
9  all of the evidence used to indict Petitioner was fraudulently procured.  Case No.
10  BA453095 is pending as of this date against both Petitioner and Fletcher.
11  (Hereafter, LASC Case No. BA453095 will be referred to as the "Pending State
12  Criminal Case.")
13      On September 20, 2018, Knight pleaded nolo contendere to a single count of
14  voluntary manslaughter in LASC Case No. TA136401.  On October 4, 2018, he was
15  sentenced to 28 years in state prison.  As of this date, a restitution hearing is set in
16  the case for December 10, 2018.  Petitioner alleges that Knight's plea and sentence
17  in Case No. TA136401 are void, apparently because of the nefarious actions of the
18  Personnel and others alleged in the Petition.
19      In addition to the Pending State Criminal Case, Petitioner currently is subject to
20  federal criminal charges.  On September 27, 2018, in Case No. 2:18-cr-00685-CJC
21  filed in this District, Petitioner was charged with various federal crimes stemming
22  from his alleged deposit of stolen federal tax refund checks belonging to others and
23  bearing forged endorsements into his own attorney bank accounts from 2015
24  through 2017 (hereafter, the "Pending Federal Criminal Case").  Petitioner contends
25  that he is innocent of the charges brought in the Pending Federal Criminal Case and
26  that the United States Government has brought these charges to protect the
27  Personnel and to cover-up the FBI's alleged exposure for involvement in wiretaps
28  that violated federal law.  As of this date, the Pending Federal Criminal Case is set

for trial on November 27, 2018, and Petitioner remains in federal custody.

**THE RELIEF SOUGHT**

Petitioner seeks – on an ex parte basis – an "immediate stay" of LASC Case No. TA136401 (the voluntary manslaughter case in which Knight recently was sentenced), LASC Case No. BA452968 (the criminal case brought against Toilin Kelly and Mark Blankenship), the Pending State Criminal Case brought against Petitioner and Fletcher (LASC Case No. BA453905), a closed civil action brought by the heirs of the man killed by Knight in January 2015 (*Carter v. Universal Studios*, LASC Case No. BC583946), and "all cases wherein Knight is a defendant." Petitioner *also* asks for an order that any cases in which orders that were issued in LASC Case Co. TA136401 "have found place" be dismissed, which presumably means he seeks the dismissal of LASC Case Co. TA136401, LASC Case No. BA452968, and the Pending State Criminal Case.

With respect to the Pending Federal Criminal Case, Petitioner advances the theory that this federal criminal action somehow is proceeding under admiralty law principles. Utilizing verbiage seen frequently in cases brought by so-called sovereign citizens, Petitioner asserts that the United States Government is "indebted to Petitioner and [Knight] in a sum that far exceeds any claims that the Government might claim" and is "continually mortgaging Petitioner and his client's personalty as collateral for the Government's obligations for credit." Petitioner deems himself a "secured party creditor" who personally "is the prime collateral" for the monetary system of the United States, asserts that the United States Government is "bankrupt and insolvent," and reasons that, therefore, the United States Government has an inherent conflict of interest in attempting to prosecute him. Petitioner asserts here as his "common law defense" to the Pending Federal Criminal Case his alleged secured party creditor status, which he reasons means that no one was harmed by his acts in connection with the IRS refund checks.

In addition, labeling himself a "vessel," Petitioner asserts that the Pending Federal Criminal Case has been brought – secretly and without notice to him – pursuant to "admiralty jurisdiction" in an attempt "to steal Petitioner's constitutional rights." He asserts that he is entitled to receive a prompt adversary hearing under local admiralty Supplemental Rule E and that the United States Government should be required to post "security to address the claims" made in the Petition.

Petitioner asks the Court to vacate his arrest and detention in connection with the Pending Federal Criminal Case and to order his immediate release from federal custody. He also asks that the Court find the United States Government to have been "complicit" in the actions of the Personnel alleged in the Petition and, therefore, to dismiss the Pending Federal Criminal Case.

## DISCUSSION

A district court may summarily dismiss a Section 2241 petition where "it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243; *see also Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir.1965) (affirming summary dismissal of Section 2241 petition that failed to show any basis for habeas relief and holding a district court is not required to construe such a petition as some other form of civil action and must deny the petition without speculating "whether or not it might be amended or supplemented to invoke the court's jurisdiction to grant some other remedy"). Habeas petitions brought pursuant to Section 2241 may be subjected to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition. Rule 4 of the Habeas Rules mandates that a district court dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). The Advisory Committee Notes to Habeas Rule 4 make clear that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4); Local Rule 72-3.2 (authorizing magistrate judge to prepare for district judge proposed order for summary dismissal and proposed judgment if it plainly appears from the face of the habeas petition that the petitioner is not entitled to relief).

In addition, civil actions brought by prisoners against governmental entities, officers, or employees – including those under Section 1983 – are subject to mandatory screening and summary dismissal if all or a portion of the initiating pleading is not cognizable. This screening requirement exists even when the filing fee has been paid. *See* 28 U.S.C. §1915A. Under this statute, a district court is required to screen and dismiss a prisoner's initiating pleading if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit.

In light of these duties, the Court finds that the Petition suffers from a number of fatal defects, which separately or together mandate its dismissal. In no particular order, these include the following:

As a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required. The Court rejects them summarily for the same reasons adduced and explicated in numerous other decisions. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("secured-party creditor" theories such as that espoused by Petitioner should be "rejected summarily"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th

Cir. 1992) (noting sovereign citizen arguments espoused by defendant, concluding that they were meritless and "patently frivolous," and summarily rejecting them "without expending any more of this Court's resources on their discussion"); *Shipman v. Bank of Am.*, No. 3:16-CV-772, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017) (noting that "[c]ourts across the United States have described the legal claims brought by 'sovereign citizens' as 'frivolous, irrational [and] unintelligible'"); *Vazquez v. California Hwy. Patrol*, No. 2:15-cv-756, 2016 WL 232332, at *3 (E.D. Cal. Jan. 19, 2016) (finding plaintiff's "secured party creditor" theory to be "clearly frivolous" and to warrant dismissal of Section 1983 complaint without leave to amend); *United States v. Alexio*, No. CR 13-01017 JMS, 2015 WL 4069160, at *4 (D. Haw. July 2, 2015) (observing that "caselaw has flatly rejected" sovereign citizen theories); *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (dismissing habeas petition utilizing sovereign citizen theories to argue that petitioner was exempt from state criminal prosecution as a "secured party" creditor, and collecting related cases).

The same is true with respect to Petitioner's patently frivolous admiralty jurisdiction and "vessel" assertions. Plaintiff alleges that he is a lawyer who has represented clients in California courts. *Ipso facto*, he therefore must be a human being, not a boat. As a member of the California State Bar, Petitioner should know better than to make ludicrous allegations of this nature.

Further, it is plain that Petitioner lacks standing to seek the stay and/or dismissal of criminal and/or civil cases brought against *other people*. "In the ordinary case, a party is denied standing to assert the rights of third persons." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977). Ordinarily, a petitioner does not have standing to complain about the deprivations of the constitutional rights of others. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *see*

8

*also Gonzales v. Cal. Dep't of Corrs.*, 739 F.3d 1226, 1234 (9th Cir. 2014) ("Generally speaking, 'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'") (citation omitted). The Petition states no tenable reason why Petitioner has any right to obtain orders affecting such third parties' rights in their own pending or closed criminal cases or in the closed civil action brought against Knight and others.[3] Indeed, Petitioner's desire to "stay" cases in which Knight prevailed or obtained a dismissal or has obtained a plea deal – such as LASC No. SA089020, LASC No. BC583946, and LASC No. TA136401 – seems inimical to Knight's best interests and, instead, designed to further only Petitioner's agenda in light of his present criminal cases. As Petitioner concedes, he was dismissed as Knight's attorney in Case No. TA136401 and Knight has been represented since by other counsel. There is no reason to believe that Knight, Kelly, Blankenship, and Fletcher and/or their respective attorneys lack the ability to protect their own interests in the civil and criminal cases Petitioner seeks to stay and/or have dismissed, some of which already are closed. As there is no basis for finding that these third parties are hindered in their abilities to protect their own interests, third party standing does not exist here. *Powers*, 499 U.S. at 411. If standing is absent, then the Court lacks subject matter jurisdiction, and dismissal is required. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998); *see also Bates v. United Parcel Service. Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing is a threshold matter central to our subject matter jurisdiction.").

    Next, the Petition seeks relief based on various matters that Petitioner plainly intends to serve as affirmative defenses to the Pending State Criminal Case and to

---

[3] The trial court's decision in the *Carter v. Universal Studios, Inc.* case – which sustained the defense demurrers without leave to amend and, thus, was favorable to Knight – was appealed, and the California Court of Appeal affirmed on July 25, 2018, in an unpublished decision (Case No. B278890). No petition for review was filed, and the remittitur issued on September 24, 2018.

the Pending Federal Criminal Case. Those defenses, however, should be asserted within both of those ongoing criminal actions, not through a separate Section 2241 proceeding seeking to pretermit them, and abstention is warranted.

With respect to the Pending State Criminal Case, only a limited number of pre-conviction challenges have been found cognizable under Section 2241. Generally, such habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-93 (1973); *McNeeley v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Even if a habeas challenge to a pre-trial situation states what could be a claim of constitutional error, this nonetheless does not mean that the claim should be considered by a federal habeas court while the state criminal case is pending. *See Braden*, 410 U.S. at 493 (while allowing a state prisoner's speedy trial challenge to be heard under Section 2241, taking pains to "emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court").

*Younger v. Harris*, 401 U.S. 37, 45 (1971), stands for the proposition that fundamental principles of comity and federalism prohibit federal courts from intervening in ongoing state actions. *Younger* and its progeny reflect a longstanding public policy against federal court interference with pending state court proceedings. *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001) (*en banc*); *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 43-45. *Younger* abstention applies to both attempts to preclude and/or stay criminal prosecution *in toto* and attempts to obtain more limited or piecemeal intervention in state criminal actions. *See, e.g., Kugler v. Helfant*, 421

U.S. 117, 130 (1975); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).

The Supreme Court has made clear that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (citation omitted); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (observing that *Braden* "reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial" violates the *Younger* abstention doctrine and is "prohibited by principles of comity unless the petitioner could show that 'special circumstances' warranted federal intervention"). In *Brown v. Ahern*, 676 F.3d 899 (9th Cir. 2012), the Ninth Circuit confirmed that abstention principles require a federal court to abstain from exercising habeas jurisdiction when the petitioner seeks relief based on an affirmative defense to his state prosecution, and the only limited exceptions to that rule are (a) when a prosecution is "proven" to be undertaken for harassment purposes or in bad faith without hope of conviction, or (b) when extraordinary circumstances exist and irreparable injury is shown. *Id.* at 903. Absent a showing of these exceptions, a district court faced with a habeas petition seeking relief that effectively enjoins an ongoing state proceeding must abstain if:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

The concerns that motivate the *Younger* doctrine preclude this Court from granting Petitioner the habeas relief he seeks, *i.e.,* the stay and/or dismissal of the

Pending State Criminal Prosecution. Criminal charges are pending against Petitioner in state court, and the State of California's interest in prosecuting individuals charged with violating its laws is indisputable. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). The issues Petitioner raises in the instant Petition, if cognizable at all as constitutional claims, are matters of affirmative defense and/or can be raised within the State Pending Criminal Case and on state appeal should he be convicted; thus, he has an opportunity to raise his constitutional claims in state court. *See Dubinka*, 23 F.3d at 224 (the existence of an opportunity to raise federal claims in state proceedings requires abstention). And plainly, the relief Petitioner seeks – effectively enjoining or dismissing the Pending State Criminal Case – is the very type of interference of which *Younger* disapproves.

Petitioner's allegations fail to establish the requirements for avoiding abstention. While Petitioner attempts to tell a lurid tale of a multi-year scheme illegally targeting him and his former client Knight, driven by the duplicity and impure motives of law enforcement, state court judges, and state and federal prosecutors, his allegations are speculative and bereft of factual support. Other than Petitioner's bare allegations, the Court has no basis for finding that the Pending State Criminal Case or any other state criminal case is rotten at its core and bereft of legal and factual support, as Petitioner contends. The Petition does not provide any reason for this Court to disregard comity and interfere in an ongoing state criminal case.

In sum, *Younger* abstention is required with respect to the relief Petitioner seeks regarding the Pending State Criminal Case.[4] Abstention also is warranted with

---

[4] Further, even if *Younger* abstention were not required, dismissal would be appropriate due to Petitioner's failure to exhaust his claims. While there is no statutory exhaustion requirement for Section 2241 actions, federal courts have

12

respect to his request that the Pending Federal Criminal Case be stayed or dismissed. While the *Younger* doctrine involves unwarranted federal court interference in *state* court proceedings, when asked to enjoin or dismiss enforcement of a pending federal criminal proceeding, district courts can and do abstain. As the D.C. Circuit has explained:

> Congress has established a comprehensive set of rules governing federal criminal prosecutions-the Federal Rules of Criminal Procedure. These rules provide adequate, although limited, opportunities for defendants to challenge shortcomings in prosecutorial authority. The final judgment rule, moreover, generally prevents defendants from bringing appeals until after conviction. We cannot allow [plaintiff] to avoid these rules-and thereby encourage a flood of disruptive civil litigation-by bringing his constitutional defense in an independent civil suit. Prospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure.

*Deaver v. Seymour*, 822 F.2d 66, 71 (D.C. Cir. 1987) (denying injunctive relief sought as to pending federal prosecution). As the Third Circuit has similarly

---

imposed a prudential exhaustion requirement. "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Carden*, 626 F.2d at 83 (in Section 2241 cases, "[a]s an exercise of judicial restraint," "federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]").

In *Braden*, the Supreme Court permitted the petitioner (a state defendant awaiting a delayed trial) to proceed under Section 2241, because he sought to force a trial rather to than have charges against him dismissed and he had "exhausted all available state remedies as a prelude to [his federal habeas] action" by repeatedly presenting his speedy trial violation claim to the state courts and demanding a trial. As a result, no "legitimate interest of federalism" was jeopardized by allowing him to seek Section 2241 relief. 410 U.S. at 490-92 (emphasizing the critical function played by the exhaustion requirement). Here, because the state courts dockets show that Petitioner has failed to seek any relief in the California Court of Appeal and the California Supreme Court, the opposite conclusion follows. Federalism and comity concerns preclude Petitioner's attempt to proceed in federal court without first affording the state courts the opportunity to consider his state court proceeding-related claims and provide any relief that is appropriate.

13

opined:

> Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. Adequate remedies [are] available in [petitioner's] criminal case, and, therefore, [petitioner is] not entitled to habeas corpus relief.

*Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3d Cir. April 28, 2008) (citing *Government of the Virgin Islands v. Bolones*, 427 F.2d 1135 (3d Cir. 1970), and affirming district court order denying Section 2241 petition challenging jurisdiction in his federal criminal case and seeking immediate release). *See also Campbell v. Medalie*, 71 F.2d 671, 672-72 (2d Cir. 1934) (in civil action brought by lawyer under federal indictment, declining to enjoin federal criminal prosecution notwithstanding lawyer's fear of disbarment).

As one district court succinctly explained:

> In *Younger*, the United States Supreme Court held that federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." . . . There are adequate remedies available to petitioner within the underlying criminal proceedings to address the issues raised in the petition.

*Ali v. United States*, No. 12-CV-0816A, 2012 WL 4103867, at *2 (W.D.N.Y. Sept, 14, 2012) (collecting cases in which district courts have abstained from enjoining or dismissing federal criminal prosecutions; and under Habeas Rule 4, summarily dismissing Section 2241 petition that sought to have the petitioner's pending federal criminal case dismissed and his release from federal detention). *See also Schlegel v. Holder*, No. 13-cv-3251 (RGK), 2014 WL 12607718, at *2-*3 (D. Minn. May 21, 2014) (dismissing without leave to amend a civil action in which plaintiff sought to enjoin his pending federal criminal prosecution, noting that if he were unable to

obtain relief within that proceeding itself, he had an adequate remedy at law by way of direct appeal if convicted), *aff'd* 593 Fed. Appx. 599 (8th Cir. Feb. 20, 2015); *Amir v. United States*, No. 1:11CV1720, 2011 WL 3703838, at *4 (N.D. Ohio Aug. 23, 2011) (rebuffing and dismissing plaintiff's attempted civil "collateral attack" on his pending federal criminal prosecution seeking to set aside the criminal charges, and finding that abstention was warranted under considerations of federal court efficiency and administration "until Plaintiff has exhausted the claims at his upcoming criminal trial and through direct appeal).

For these same reasons, this Court declines to consider Petitioner's allegations and claims attacking the validity of the Pending Federal Criminal Case and seeking its stay and/or dismissal. The Pending Federal Criminal Case is set for trial shortly before United States District Judge Cormac J. Carney. Petitioner may raise his present allegations and claims before District Judge Carney and, if necessary, on direct appeal. Asking this Court to rule on them now through a separate civil action is imprudent and unwarranted.[5]

Finally, while the Court will not address the question of the propriety (or lack thereof) of Petitioner's attempt to seek federal civil rights relief through a habeas petition, the Court notes that his attempt to seek Section 1983 relief suffers from several glaring defects. Most significantly, the judicial immunity and prosecutorial immunity doctrines plainly would bar much of the Petition's allegations if they were allowed to proceed by way of civil rights complaint.

---

[5] Indeed, Petitioner's request that this Court order his release from federal custody is particularly inappropriate given that two Judges of this Court have concluded, repeatedly, that his release on bond is not warranted. On October 3, 2018, United States Magistrate Judge Steve Kim ordered Petitioner detained until trial. (Pending Federal Criminal Case, Dkt. No. 15.) On October 19, 2018, Magistrate Judge Kim denied Petitioner's motion for reconsideration. (*Id.*, Dkt. 24.) On October 29, 2018, District Judge Carney ordered Petitioner detained, finding that no condition or combination of conditions would reasonably secure Petitioner's appearance at trial. (*Id.*, Dkt. 33)

1    It is well established that "[a]bsolute judicial immunity 'insulates judges from
2  charges of erroneous acts or irregular action.'" *Burton v. Infinity Capital Mgmt.*,
3  753 F.3d 954, 959 (9th Cir. 2014) (citation omitted). Absolute immunity not only
4  insulates judges from charges of erroneous or irregular acts but also when, as here,
5  the judge's acts are alleged to be attributable to malicious or corrupt motives or
6  when "the exercise of judicial authority is 'flawed by the commission of grave
7  procedural errors.'" *In re Castillo*, 297 F.3d 940, 946 (9th Cir. 2002) (quoting
8  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)); *see also Mireles v. Waco*, 502 U.S.
9  9, 11 (1991) (*per curiam*). Judicial immunity applies "'however erroneous the act
10 may have been, and however injurious in its consequences it may have proved to the
11 plaintiff.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*)
12 (citation omitted). This absolute immunity protects judges not only from civil
13 actions for money damages but from actions for declaratory, injunctive, and other
14 equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis*
15 *v. United States Bankruptcy Court for the Dist. Of Nevada*, 828 F.2d 1385, 1394
16 (9th Cir. 1987). Under the allegations of the Petition, the two Los Angeles Superior
17 Court Judge Respondents are absolutely immune with respect to Petitioner's attempt
18 to seek Section 1983 relief against them.

19   Based on the Petition's allegations, the two district attorney Respondents also
20 would have absolute immunity with respect to the subject-matter of this case to the
21 extent that it is brought under Section 1983. *See, e.g., Imbler v. Pachtman*, 424 U.S.
22 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from suit under
23 Section 1983 for conduct that is "intimately associated with the judicial phase of the
24 criminal process"). The doctrine of absolute prosecutorial immunity is designed to
25 protect government attorneys from the fact that "a defendant will often transform
26 resentment at being prosecuted into the ascription of improper and malicious actions
27 to the State's advocate." *Id.* at 425; *see also Butz v. Economou*, 438 U.S. 478, 512
28 (1977) ("The loser in one forum will frequently seek another, charging the

participants in the first with unconstitutional animus."). The Petition's allegations against Respondents Lacey and Mrakich are predicated solely on the prosecutorial decisions to pursue charges against Knight and Petitioner and prosecute such charges. Such actions plainly constitute an integral part of the judicial process to which absolute immunity adheres. *See Imbler*, 424 U.S. at 431 (prosecutors are entitled to absolute immunity for initiating prosecution). Petitioner's allegations that the prosecutor Respondents initiated prosecution knowing the charges were false does not alter this conclusion. *See id.* at 427; *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*) (allegations of bribery and conspiracy did not abrogate absolute prosecutorial immunity when the functions performed were prosecutorial); *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) ("The intent of the prosecutor when performing prosecutorial acts plays no part in the immunity inquiry.").

The substantial – and indeed fatal – defects in the Petition described above require its summary dismissal. While the frivolous nature of much of the Petition renders a dismissal with prejudice appropriate in some respects, certain of the defects identified herein – such as Petitioner's attempt to raise herein affirmative defenses to his pending criminal charges that should, instead, be raised in the Pending State Criminal Case and the Pending Federal Criminal Case – warrant a without prejudice dismissal, so that Petitioner can raise his arguments in the correct forum. Rather than parse the Petition's rambling allegations in an attempt to craft a with prejudice and without prejudice form of Order, the Court simply will dismiss it *in toto* on a without prejudice basis.

///
///
///
///
///

Accordingly, for the foregoing reasons, IT IS ORDERED that the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 1, 2018.

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE